UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FRWARD FOUNDATION,

Plaintiff,

v.

U.S. MARSHALS SERVICE.,

Defendant.

Civil Action No. 25-0749 (TJK)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the United States Marshals Service ("Defendant" or "USMS"), by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff, Democracy Forward Foundation ("Plaintiff"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This case is exempt from the requirements of Rules 16(b) and 26(f) of the Rules of Civil Procedure, pursuant to Local Civil Rule 16.3(b)(10).

## RESPONSES TO NUMBERED PARAGRAPHS[1]

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response. However, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

## Jurisdiction and Venue

1.      This paragraph consists of conclusions of law regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction under FOIA, subject to its terms and limitations.

2.      This paragraph consists of conclusions of law regarding venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district under FOIA.

## Parties

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.      Defendant admits that it is an "agency," as defined in 5 U.S.C. § 552(f)(1). The second sentence of this paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

## Facts

5.      Defendant admits that Plaintiff submitted four separate FOIA requests. The remainder of the first sentence consists of Plaintiff's characterization of Defendant's conduct to which no response is required. To the extent a response is required, Defendant denies. The remaining allegations in this paragraph neither set forth claims of relief nor aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of a public interest, Defendant presently lacks knowledge or information

2

sufficient to form a belief as to whether there is a public interest that may be outweighed by any countervailing interests.

6.      The allegations in this paragraph neither set forth claims of relief nor aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of a public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to whether there is a public interest that may be outweighed by any countervailing interests.

*Judicial Contact Request*

7.      Defendant admits that it received a FOIA request submitted by Plaintiff dated January 27, 2025.  The remainder of this paragraph sets forth Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a full and accurate statement of its content and denies all allegations inconsistent therewith.

8.       This paragraph sets forth Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a full and accurate statement of its content and denies all allegations inconsistent therewith.

9.      Admit.

10.     Admit.

11.     Defendant admits that it received a second FOIA request submitted by Plaintiff dated February 7, 2025.  The remainder of this paragraph sets forth Plaintiff's characterization of its second FOIA request and the reasons for submitting it, to which no response is required.

To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's second FOIA request for a full and accurate statement of its content and denies all allegations inconsistent therewith.

12.     Admit.

*DOGE Phone Logs and USAID Request*

13.      Defendant admits that it received a third FOIA request submitted by Plaintiff dated February 7, 2025.  The remainder of this paragraph sets forth Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Plaintiff's third FOIA request for a full and accurate statement of its content and denies all allegations inconsistent therewith.

14.     This paragraph sets forth Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Plaintiff's third FOIA request for a full and accurate statement of its content and denies all allegations inconsistent therewith.

15.     Admit.

*Court Order Enforcement Request*

16.     Defendant admits that it received a fourth FOIA request submitted by Plaintiff dated February 12, 2025.  The remainder of this paragraph sets forth Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Plaintiff's fourth FOIA request for a full and accurate statement of its content and denies all allegations inconsistent therewith.

17.     Admit.

*Administrative Aggregation*

4

18.     Defendant admits that it sent an email dated February 14, 2025, requesting to aggregate Plaintiff's four requests under request number 2025-USMS-000897.  The remainder of this paragraph sets forth Plaintiff's characterization of the USMS's email dated February 14, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to its email dated February 14, 2025, for a full and accurate statement of its content and denies all allegations inconsistent therewith.

19.     Defendant admits that it received an email dated February 18, 2025, consenting to the administrative aggregation.  The remainder of this paragraph sets forth Plaintiff's characterization of its email dated February 18, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to its email dated February 18, 2025, for a full and accurate statement of its content and denies all allegations inconsistent therewith.

20.     This paragraph sets forth Plaintiff's characterization of its email dated February 18, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to its email dated February 18, 2025, for a full and accurate statement of its content and denies all allegations inconsistent therewith.

21.     Deny.  Defendant denies that it was not in communication with Plaintiff after February 18, 2025.  Defendant sent an email to Plaintiff dated February 24, 2025, seeking further clarification regarding the custodians and the search terms to be used with respect to two items of the aggregated request.   Defendant informed Plaintiff that Plaintiff's aggregated request would be placed on hold pending Plaintiff's response. Plaintiff did not respond and filed its Complaint on March 14, 2025.

*Exhaustion of Administrative Remedies*

22.     Defendant admits that, as of the date of the filing of the Complaint, the USMS has not yet issued a final determination in response to Plaintiff's aggregated request.  The remainder of this paragraph consists of conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the remainder of this paragraph.

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

23.     Defendant incorporates responses set forth above in paragraphs 1 through 22.

24.     This paragraph consists of conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is required, Defendant denies.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant alleges the following defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.  Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

## FIRST DEFENSE

Some or all of the requested documents or information are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

### SECOND DEFENSE

The Court lacks jurisdiction to award relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

### THIRD DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

### FOURTH DEFENSE

Plaintiff failed to exhaust its administrative remedies.

### SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: April 21, 2025                                  Respectfully submitted,
        Washington, DC

7

EDWARD R. MARTIN, JR., D.C. Bar
#481866
United States Attorney


By: _____ */s/ John J. Bardo* _____
        JOHN J. BARDO, D.C. Bar #1655534
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 870-6770

*Attorneys for the United States of America*