UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. MARSHALS SERVICE.,<br><br>Defendant. | Civil Action No. 25-0749 (TJK) |

## JOINT STATUS REPORT

Pursuant to the Court's December 5, 2025, Minute Order, Plaintiff Democracy Forward Foundation and Defendant U.S. Marshals Service ("USMS"), through counsel, respectfully submit this Joint Status Report.  The parties report as follows:

1.      This is a Freedom of Information Act ("FOIA") case.  Plaintiff filed a complaint on March 14, 2025.  See, ECF No. 1.  In broad terms, Plaintiffs' FOIA requests seek records related to USMS contact with the Judiciary concerning January 6 cases, USMS enforcement of court orders, and USMS communications with the Department of Government Efficiency ("DOGE").

2.      On March 25, 2026, USMS made a release of non-exempt reasonably segregable portions of responsive records to Plaintiff.  This release contained 120 pages.

3.      Thirty-seven pages of responsive records remain under consult with another Department of Justice component.  USMS frequently checks in with this component reminding it of the need to finish the consult in a timely manner.  That said, as Plaintiff is aware, USMS is unable to control this component's workflow or compel it to return the pages under consult by a date certain.

**Plaintiff's Statement**

4.      Plaintiff respectfully requests that this Court require Defendant to process the small remaining volume of responsive records—37 pages—in this matter by the time of the parties' next Joint Status Report on June 2, 2026, given the extended time period the records have been under consultation and the lack of a proposal for a path forward.

5.       At the time of the parties' last report, more than two months ago, USMS reported that it had sent the remaining records in this case for consultation with other components within the Department of Justice. ECF No. 14. Plaintiff requested that USMS seek a response from those components by March 2, 2026. *Id.*

6.      USMS now represents that 37 pages remain under consultation with another Department component, the Office of Information Policy ("OIP"). USMS represents that it has no control over this component's response and cannot provide any estimated time for completing processing of this small volume of records that were sent for consultation at least two months ago.

7.      Plaintiff asks only that this court require processing and production of these records by the time of the parties' next report on June 2, 2026. This will afford the consulted component a minimum of four months[1] to provide its input on a few dozen pages that were already compiled and preliminarily assessed for exemptions. Although USMS disclaims any control over the consulted records, the FOIA statute does not relieve an agency or component of its obligations to produce records because another agency has an interest warranting "consultation," it instead provides that any such consultation occur "with all practicable speed." 5 U.S.C. § 552 (a)(6)(B)(iii)(III). OIP—the component consulted here—itself advises all agencies and

---

[1] USMS has not informed Plaintiff of the date that the records were originally sent for consultation, and it is possible that this would afford OIP more significantly more than 4 months to complete its review of the consulted pages.

components in the federal government to "promptly provide" views on consultations to facilitate timely responses to FOIA requesters and does not suggest that consultation shifts the responsibility for responding to requests. *See* Referrals, Consultations, and Coordination: Procedures for Processing Records When Another Agency or Entity Has an Interest in Them, Dep't of Justice, OIP, https://www.justice.gov/oip/blog/referrals-consultations-and-coordination-procedures-processing-records-when-another-agency.

8.      Although Plaintiff does not believe USMS can compel OIP to provide concerns in response to a consultation, Plaintiff is unaware of any authority that permits an agency to indefinitely and unreasonably delay production of records because another agency has an interest in them. Indeed, the Department of Justice's own Freedom of Information Act Guide states that consultations are a matter of "sound administrative practice," not a statutory requirement. Department of Justice Guide to the Freedom of Information Act, Procedural Requirements, https://www.justice.gov/oip/page/file/1199421/dl?inline. The fact that Defendant USMS can provide no estimated time for response at all following an extended period of consultation on a small volume of records underscores the need for the Court's intervention here. A reasonable deadline for the production of USMS records would enable Defendant to provide OIP with a reasonable, firm timeline for raising any concerns about potentially exempt material in those records.

9.      In the alternative, if the Court does not at this time wish to require USMS to process the remaining records by June 2, 2026, Plaintiff respectfully requests that the Court require Defendant to file a Defendant's status report by April 10, 2026, providing (1) the date the records requiring consultation were first sent to OIP, (2) the date by which it intends to complete

processing of the records sent to OIP for consultation, and (3) any reasons that OIP requires

additional time for consultation on these 37 pages of records.

***

10.     Pursuant to the Court's December 5, 2026 minute order, the parties will file another

joint status report on June 2, 2026.

Dated: April 3, 2026                                          Respectfully submitted,

JEANINE FERRIS PIRRO                         /s/ *Daniel A. McGrath*
United States Attorney                                Daniel A. McGrath (D.C. Bar No.
                                                                    1531723)
                                                                    Democracy Forward Foundation
By:  _____ */s/ John J. Bardo* _____    P.O. Box 34553
        JOHN J. BARDO, D.C. Bar #1655534   Washington, D.C. 20043
        Assistant United States Attorney          (202) 448-9090
        601 D Street, NW                                dmcgrath@democracyforward.org
        Washington, DC 20530
        (202) 870-6770

*Attorneys for the United States of America*

4