UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. MARSHALS SERVICE et al.,<br><br>Defendants. | Civil Action No. 25-0749 (TJK) |

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, the United States Marshals Service (the "USMS"), the United States Department of Justice (the "Department") and the Executive Office for United States Attorneys ("EOUSA") by and through undersigned counsel, respectfully submit this Answer to the Amended Complaint filed by Plaintiff, Democracy Forward Foundation ("Plaintiff"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**RESPONSES TO NUMBERED PARAGRAPHS**[1]

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response. However, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are

1 For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

not specifically admitted or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

**Jurisdiction and Venue**

1. This paragraph consists of conclusions of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has subject matter jurisdiction under FOIA, subject to its terms and limitations.

2. This paragraph consists of conclusions of law regarding venue to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district under FOIA.

**Parties**

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendants admit that the Department is an "agency," as defined in 5 U.S.C. § 552(f)(1). The second sentence of this paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

5. Defendants admit that USMS is an "agency," as defined in 5 U.S.C. § 552(f)(1). The second sentence of this paragraph does not contain allegations of fact but rather conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

6. Defendants admit that EOUSA is an "agency," as defined in 5 U.S.C. § 552(f)(1). The second sentence of this paragraph does not contain allegations of fact but

rather conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

**Facts**

7. Defendants admit that Plaintiff submitted four separate FOIA requests. The remainder of the first sentence consists of Plaintiff's characterization of the USMS' conduct to which no response is required. To the extent a response is deemed required, Defendants deny. The remaining allegations in this paragraph neither set forth claims of relief nor aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of a public interest, Defendants presently lack knowledge or information sufficient to form a belief as to whether there is a public interest that may be outweighed by any countervailing interests.

8. The allegations in this paragraph neither set forth claims of relief nor aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of a public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to whether there is a public interest that may be outweighed by any countervailing interests.

9. Defendants admit that the USMS referred forty pages to EOUSA on December 15, 2025.

*Judicial Contact Request*

10. Defendants admit that the USMS received a FOIA request submitted by Plaintiff dated January 27, 2025, seeking various categories of records. The remainder of this paragraph

sets forth Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's FOIA request for a full and accurate statement of its content and deny all allegations inconsistent therewith.

11. Admit.

12. Admit.

13. Admit.

14. Defendants admit that the USMS received a second FOIA request submitted by Plaintiff dated February 7, 2025, seeking various categories of records. The remainder of this paragraph sets forth Plaintiff's characterization of its second FOIA request and the reasons for submitting it, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's second FOIA request for a full and accurate statement of its content and deny all allegations inconsistent therewith.

15. Admit.

*DOGE Phone Logs and USAID Request*

16. Defendants admit that the USMS received a third FOIA request submitted by Plaintiff dated February 7, 2025, seeking records relating to several identified custodians. The remainder of this paragraph sets forth Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Plaintiff's third FOIA request for a full and accurate statement of its content and deny all allegations inconsistent therewith.

17. Admit.

18. Admit.

*Court Order Enforcement Request*

19. Defendants admit that it received a fourth FOIA request submitted by Plaintiff dated February 12, 2025, seeking certain categories of records from several identified custodians and individuals identified by title. The remainder of this paragraph sets forth Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Plaintiff's fourth FOIA request for a full and accurate statement of its content and deny all allegations inconsistent therewith.

20. Admit.

*Administrative Aggregation*

21. Defendants admit that the USMS sent an email dated February 14, 2025, requesting to aggregate Plaintiff's four requests under request number 2025-USMS-000897. The remainder of this paragraph sets forth Plaintiff's characterization of the USMS's email dated February 14, 2025, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the USMS's email dated February 14, 2025, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

22. Defendants admit that the USMS received an email dated February 18, 2025, consenting to the administrative aggregation. The remainder of this paragraph sets forth Plaintiff's characterization of its email dated February 18, 2025, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to its email dated February 18, 2025, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

23. Admit.

24. Defendants deny that it was not in communication with Plaintiff after February 18, 2025. Defendant sent an email to Plaintiff dated February 24, 2025, seeking further clarification regarding the custodians and the search terms to be used with respect to two items of the aggregated request. Defendants further aver that USMS informed Plaintiff that Plaintiff's aggregated request would be placed on hold pending Plaintiff's response. Plaintiff did not respond and filed its Complaint on March 14, 2025.

*Records Referred to EOUSA for Direct Response to DFF*

25. Admit.

26. Admit.

27. Admit.

28. This paragraph sets forth Plaintiff's characterization of Plaintiff's email to EOUSA dated January 29, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's email to EOUSA dated January 29, 2026, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

29. The first sentence of this paragraph sets forth Plaintiff's characterization of Plaintiff's email to Assistant U.S. Attorney ("AUSA") John Bardo, then-counsel for the USMS, dated February 2, 2026, to which no response is required. The second sentence of this paragraph sets forth Plaintiff's characterization of AUSA Bardo's email to Plaintiff dated February 2, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's email to AUSA Bardo dated February 2, 2026 and AUSA Bardo's email to Plaintiff dated February 2, 2026, respectively, for full and accurate statements of their content and deny all allegations inconsistent therewith.

30. This paragraph sets forth Plaintiff's characterization of Plaintiff's email to EOUSA dated April 8, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's email to EOUSA dated April 8, 2026, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

31. The first sentence of this paragraph sets forth Plaintiff's characterization of EOUSA's email to Plaintiff dated April 9, 2026, to which no response is required. The second sentence of this paragraph sets forth Plaintiff's characterization of Plaintiff's email to EOUSA dated April 9, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to EOUSA's email to Plaintiff dated April 9, 2026 and Plaintiff's email to EOUSA dated April 9, 2026, respectively, for full and accurate statements of their content and deny all allegations inconsistent therewith.

32. This paragraph sets forth Plaintiff's characterization of Plaintiff's email to AUSA Bardo on April 9, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's email to AUSA Bardo for the USMS on April 9, 2026, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

33. This paragraph sets forth Plaintiff's characterization of Plaintiff's email to AUSA Bardo on April 30, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's email to AUSA Bardo on April 30, 2026, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

34. This paragraph sets forth Plaintiff's characterization of Plaintiff's email to EOUSA dated April 30, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's email to EOUSA dated April 30, 2026, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

35. This paragraph sets forth Plaintiff's characterization of EOUSA's email to Plaintiff dated May 6, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to EOUSA's email to Plaintiff dated May 6, 2026, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

36. This paragraph sets forth Plaintiff's characterization of Plaintiff's email to EOUSA dated June 16, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's email to EOUSA dated June 16, 2026, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

37. This paragraph sets forth Plaintiff's characterization of EOUSA's email to Plaintiff dated June 21, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to EOUSA's email to Plaintiff dated June 21, 2026, for a full and accurate statement of its content and deny all allegations inconsistent therewith.

38. This paragraph sets forth Plaintiff's characterization of Plaintiff's emails to EOUSA dated June 30 and July 23, 2026, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's emails to

EOUSA dated June 30 and July 23, 2026, for a full and accurate statement of their content and deny all allegations inconsistent therewith.

39. Admit.

*Exhaustion of Administrative Remedies*

40. Defendants admit that, as of the date of the filing of the First Amended Complaint, Defendants have not yet issued a final determination in response to Plaintiff's aggregated request. The remainder of this paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the remainder of this paragraph.

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

41. Defendants incorporate responses set forth above in paragraphs 1 through 22.

42. This paragraph consists of conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendants deny.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendants allege the following defenses to the Complaint. In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is

properly imposed upon Plaintiff. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

**FIRST DEFENSE**

Some or all of the requested documents or information are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

**SECOND DEFENSE**

The Court lacks jurisdiction to award relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

**THIRD DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

**FOURTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of

background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: September 14, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *_/s/ Benjamin W. Owen_*
Benjamin W. Owen
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-0899

*Attorneys for the United States of America*